**In re Robert Donald BOEHM and Patricia Ann Boehm, Debtors.**

**Bankruptcy No. 99–16308–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Aug. 30, 2000.

**577**

Jeffrey W. Leasure, Ft. Myers, FL, for debtors.

Diane L. Jensen, Ft. Myers, FL, trustee.

Philip L. Burnett, Ft. Myers, FL, for plaintiff.

ORDER ON CLAIMANT'S MOTION FOR RECONSIDERATION OR CLARIFICATION OF ORDER ALLOWING CLAIM NO. 6 (DOC. NO. 48)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case is Claimant Peninsula Bank's (Peninsula) Motion for Reconsideration or Clarification of this Court's Order Overruling Trustee's Objection to Claim No. 6 (Doc. No. 43), entered on April 13, 2000. Claim No. 6 was filed as a general unsecured claim in the amount of $87,-721.13. While this Court allowed Claim No. 6, this Court also ruled that Peninsula is not entitled to a dividend unless there is a surplus. The ruling is based on this Court's finding that Claim No. 6 was untimely filed and that, therefore, pursuant to 11 U.S.C. § 726, Peninsula may not receive any distribution unless all allowed, timely filed claims are satisfied in full with interest. The Court reviewed the Motion and the record, heard argument of counsel and now finds and concludes as follows:

At the relevant time, the Debtors were the principals of Boehm Electric, Inc. (Boehm). Peninsula, a commercial bank, entered into an agreement with Electric, pursuant to which Peninsula agreed to purchase certain accounts receivable at a discount from Electric. The Debtors personally guaranteed all obligations due to Peninsula under the Agreement. On March 14, 1996, the Debtors defaulted, having failed to pay Peninsula the balance due in the amount of $87,721.13.

On October 7, 1999, the Debtors filed their joint Petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), on February 16, 2000, Peninsula filed a Complaint, seeking a determination that the debt owed to Peninsula shall be excepted from the overall protection of the general discharge otherwise granted to debtors pursuant to 11 U.S.C. § 727(a).

This Chapter 7 case was originally treated as a no-asset case and pursuant to Fed.R.Bankr.P.2002(e), the creditors received notice that it is unnecessary to file proofs of claim and that they would not be receiving dividends. The notice also provided that in the event the Chapter 7 Trustee discovers assets and the liquidation of those assets produces funds from which a dividend could be paid to the general unsecured creditors, the creditors would be notified and given an opportunity to file proofs of claim.

On November 23, 1999, a Notice was filed and served by the Chapter 7 Trustee, informing creditors of the recovery of assets and requesting the Court to set a bar date for filing proofs of claim. The Notice Fixing Time for Filing Proofs of Claim was filed and served on December 13, 1999. The Notice informed creditors that the bar date for filing proofs of claim was February 29, 2000.

It is without dispute that Peninsula did not file a proof of claim prior to the bar date. On March 1, 2000, Peninsula filed a Motion to Extend Time to File Proof of Claim. On April 4, 2000, this Court en-

tered an Order, granting the Motion, *nunc pro tunc* to March 1, 2000. Peninsula filed its Proof of Claim on March 1, 2000, the day after the bar date.

On April 6, 2000, the Chapter 7 Trustee filed an Objection to Claim No. 6 on the ground that the claim was time barred. As noted earlier, although this Court overruled the Objection and allowed the claim, the Court held that Peninsula was only entitled to receive a dividend to the extent that there are surplus finds.

Peninsula asserts several arguments in support of its Motion for Reconsideration. First, it contends that its claim is not late and should not be limited to a surplus distribution. This is because the Order Overruling Trustee's Objection to Claim is in conflict with this Court's Order entered on April 4, 2000 that extended the time for Peninsula to file a proof of claim *nunc pro tunc* to March 1, 2000. Second, Peninsula contends that this Court has the discretion to extend the time to file a proof of claim pursuant to Fed.R.Bankr.P. 9006(b). Third, Peninsula contends that this Court may and should treat the Complaint filed in Adversary Proceeding No. 00–113 as a timely filed, informal proof of claim that may be amended with a formal proof of claim.

■ Under Fed.R.Bankr.P. 3002(c), "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors pursuant to § 341(a) of the Code, ..." Rule 3002(c) expressly enumerates five exceptions to the Rule. The bankruptcy court does not have equitable discretion to extend the deadline for the filing of an untimely claim when none of the exceptions expressly provided in Rule 3002(c) exist and excusable neglect is not one of the exceptions. *See In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1432–1433 (9th Cir.1990); *Matter of Ford Business Forms, Inc. v. Sure Card, Inc.,* 180 B.R. 294 (S.D.Fla.1994); *Matter of Euston,* 120 B.R. 228 (Bankr.M.D.Fla.1990).

■ In light of the foregoing, the excusable neglect standard set forth in Fed. R.Bankr.P. 9006(b) is not applicable as a basis for extending the bar date to file proofs of claim in Chapter 7 cases. Thus, this Court was in error in granting Peninsula's Motion seeking an extension of time to file its untimely claim based on excusable neglect. Nonetheless, the Court should still consider Peninsula's argument that its nondischargeability complaint should be deemed an informal proof of claim.

■ Courts have held a variety of documents to constitute informal proofs of claim. *See In re Charter Co.,* 876 F.2d 861 (11th Cir.1989). For a document to constitute an informal proof of claim, a three-prong test must be met and the document must state an explicit demand showing: (1) the nature of the claim; (2) the amount of the claim against the estate; and (3) the intent to hold the debtor liable must be evident. *See In re Scott,* 67 B.R. 1011, 1013 (Bankr.M.D.Fla.1986) (citation omitted). This Court is satisfied that the Complaint filed by Peninsula satisfies the requirements to constitute an informal proof of claim that may be amended by the filing of a formal proof of claim.

In view of the foregoing, this Court finds that the Motion should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration or Clarification be, and the same is hereby granted. The Order Overruling Trustee's Objection entered on April 13, 2000 is hereby vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint filed in Adversary Proceeding No. 00–113 is hereby deemed to be accepted as an informal proof of claim. Claim No. 6 is allowed as a formal amendment to the informal proof of claim. It is further

ORDERED, ADJUDGED AND DECREED that Claim No. 6 is hereby allowed as a general unsecured claim in the

amount of $87,721.13. Peninsula is hereby entitled to share in the distributions on a pro rata basis with the other general unsecured creditors.