**In re Kristine Ortenzo HAYES and John Hayes, Debtors.**

**No. RS03–15966 PC.**

United States Bankruptcy Court,
C.D. California,
Riverside Division.

June 24, 2005.

Sandra L. Bendon, Tustin, CA, Chapter 7 Trustee.

Victor Lewis, Esq., Law Offices of Victor Lewis, Menifee, CA, for Respondents, Joseph D. Donaldson, et al.

## MEMORANDUM DECISION

PETER H. CARROLL, Bankruptcy Judge.

Before the court is the objection of Sandra L. Bendon, Chapter 7 Trustee ("Bendon") to the unsecured non-priority claim of Joseph D. Donaldson, Individually and as Trustee of the S.L. Thompson Trust, and Sheila Donaldson, as Trustee of the S.L. Thompson Trust (collectively, "Donaldson") in the amount of $200,000 filed September 24, 2004 ("Claim # 11"). Ben-

don objects to Claim # 11 as untimely and requests that Donaldson not receive any distribution on account of Claim # 11 until all allowed, timely filed claims are paid in full, with interest. Donaldson opposes the objection. The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[1] pursuant to Fed.R.Civ.P. 52, as incorporated into Fed. R. Bankr.P. 7052, which is applicable to contested matters. Fed. R. Bankr.P. 9014(c).

## I. STATEMENT OF FACTS

On or about December 22, 1999, John Hayes and Kristine Ortenzo–Hayes ("Debtors") executed a written contract with Donaldson and Boosters Plus, Inc. denominated "Agreement for the Purchase and Sale of Business" ("Agreement") under the terms of which Debtors agreed to purchase the assets of a business formerly operated by Donaldson known as "Boosters Plus" for the sum of $250,000. Debtors paid Donaldson the sum of $12,500 upon execution of the Agreement, and agreed to pay Donaldson an additional $12,500 not later than 90 days after the closing date of the sale. Debtors also executed a promissory note in the original principal sum of $225,000 payable to the S.L. Thompson Trust dated December 22, 1999, and bearing interest at the rate of 8% per annum. The note was payable in 83 monthly installments of $3,500 each, commencing on February 10, 2000, and continuing regularly and monthly thereafter until January 10, 2007, when the re-

maining balance was due and payable. Debtors' note was secured by a lien on the assets of Boosters Plus.

Debtors subsequently defaulted under the Agreement. By letter dated September 30, 2002, Debtors tendered the assets of the business to Donaldson. Donaldson did not respond to the letter nor take action to obtain possession of the collateral securing the note.

On December 12, 2002, Donaldson filed suit in state court to recover damages for Debtors' breach of the Agreement. When Debtors failed to respond to the complaint, Donaldson caused a default judgment in the amount of $207,000 to be entered in the state court action on February 3, 2003.

On April 18, 2003, Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code.[2] Donaldson was listed in Schedule F as the holder of an unsecured non-priority claim in the amount of $200,000. On July 21, 2003, Donaldson filed a complaint in Adversary No. RS 03–01479 PC seeking a determination that the state court judgment for $207,000, plus interest at 10% per annum from September 30, 2002, was excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) or, alternatively, 11 U.S.C. § 523(a)(6).

Because this case was originally treated as a no-asset case, creditors received notice shortly after filing that it was unnecessary to file proofs of claim. See Fed. R. Bankr.P.2002(e). The notice further provided that in the event the chapter 7 trustee discovered non-exempt assets subject to liquidation for the payment of a divi-

---

1. ° To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

2. Unless otherwise indicated, all Code, chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

dend, the creditors would be notified and given an opportunity to file proofs of claim.

On November 3, 2003, Beldon filed a Final Report of Trustee in No Asset Case. The Debtors' discharge was entered on November 10, 2003, and the case was closed on December 9, 2003. Notwithstanding closure of the bankruptcy case, the court retained jurisdiction over the adversary proceeding pending between Donaldson and the Debtors.[3]

On January 8, 2004, the case was reopened and Bendon was re-appointed as trustee to recover an undisclosed asset of the estate. On March 31, 2004, Bendon filed a Notification of Asset Case and requested that the bankruptcy clerk give appropriate notice to creditors to file claims. On March 31, 2004, the bankruptcy clerk issued a Notice of Possible Divi-

dend and Order Fixing Time to File Claims advising creditors that sufficient assets may become available for distribution and that the deadline to file proofs of claim was June 29, 2004. Despite being properly served with the notice, Donaldson did not file a proof of claim before expiration of the June 29th deadline.[4]

On September 3, 2004, the court granted a summary judgment for the Debtors in Adversary No. RS 03–01479 PC and dismissed Donaldson's complaint with prejudice. Claim # 11 was then filed by Donaldson on September 24, 2004.

On May 2, 2005, Bendon objected to Claim # 11 as untimely and requested that Claim # 11 be subordinated pursuant to § 726(a)(3) to the payment of all timely filed allowed claims in the case.[5] On May

---

**3.** A bankruptcy case must be closed after the estate is fully administered and the court has discharged the trustee. 11 U.S.C. § 350(a); *see* Fed. R. Bankr.P. 5009. However, as the Bankruptcy Appellate Panel observed in *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896 (9th Cir. BAP 1999):

> The Bankruptcy Code contemplates that various activities may occur after closing. The fact that the estate has been fully administered merely means that all available property has been collected and all required payments made. Similarly, the completion of the trustee's work does not mean that everything has been done that may need to be done.

*Id.* at 911; *see Goswami v. MTC Distributing (In re Goswami)*, 304 B.R. 386, 392 (9th Cir. BAP 2003).

**4.** The court takes judicial notice of the certificate of service dated April 2, 2004, attached to the Notice of Possible Dividend and Order Fixing Time to File Claims. Fed.R.Evid. 201(c). According to the certificate of service, Donaldson and Donaldson's attorney of record were served with notice of the claims deadline at the following addresses:

> Joe & Sheila Donaldson, 28571 Coolwater Court, Menifee, CA 92584;
> S.L. Thompson Trust, 39980 Via Fernando, Temecula, CA 92592;

Joe & Sheila Donaldson, c/o Victor Lewis, Esq., 1101 Dove Street, # 235, Newport Beach, CA 92660;
S.L. Thompson Trust, c/o Law Office of Victor Lewis, 30141 Antelope Road, # D–143, Menifee, CA 92584; and
Victor Lewis, Esq., 1101 Dove Street, # 235, Newport Beach, CA 92660.

Donaldson has not alleged nor sought to establish that the failure to timely file a proof of claim under § 501(a) was due to a lack of notice or actual knowledge of the bankruptcy case.

**5.** Section 726(a) provides, in pertinent part:

> Except as provided in section 510 of this title, property of the estate shall be distributed—
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3) or (4) of this subsection, proof of which is—
> (A) timely filed under section 501(a) of this title;

17, 2005, Donaldson filed a response in opposition to Bendon's objection, arguing that the objection should be overruled either as untimely or, alternatively, because "the time for filing [Claim # 11] was tolled due to the filing of their [nondischargeability] complaint...."[6] After a hearing on June 20, 2005, the court took the matter under submission.

## II.  DISCUSSION

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  Bendon's objection is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

### A.  *Timeliness of Bendon's Claim Objection*

■ Donaldson maintains that Bendon's objection to Claim # 11 is untimely because it was filed nearly 9 months after Donaldson's proof of claim was filed with the court.  Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure specify a bar date or deadline to file claim objections.  *See, e.g., Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir.1992) (stating that an objection to proof of claim may be filed at any time); *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 174 (5th Cir.1991), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991) (observing that there is no bar date or deadline for the filing of claim objections); *Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage)*, 178 B.R. 222, 225 (9th Cir. BAP 1995) (stating that "[u]nlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time").  Rule 3007 of the Federal Rules of Bankruptcy Procedure, which governs objections to claims, does not specify a time period because many trustees do not determine until late in the administration of a case whether there will be a dividend to creditors nor whether a legitimate purpose would be served by claims litigation.  *See generally* 4 Collier on Bankruptcy ¶ 502.02[3][e], at 502–17 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2005).  Because Rule 3007 sets no time period within which the trustee must object to the allowance of a claim, the court finds that Bendon's objection to Claim # 11 is timely.

### B.  *Equitable Tolling of the Claims Deadline*

Next, Donaldson asserts that the nondischargeability action commenced against the Debtors "tolled" the deadline to file a proof of claim, and therefore, Claim # 11 is timely because it was filed shortly after dismissal of their adversary complaint.  Donaldson does not, however, cite any authority in support of the notion that the court may invoke equitable tolling principles to extend the deadlines mandated by Rule 3002(c).

■ Section 502(b)(9) of the Bankruptcy Code and Rules 3002(c) and 9006(b)(3)

---

(B) timely filed under section 501(b) or 501(c) of this title;  or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title;  and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) *third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;  ...*

11 U.S.C. § 726(a) (emphasis added).

**6.**  Donaldson Opp'n ¶ 3i.

of the Federal Rules of Bankruptcy Procedure constitute a comprehensive, unambiguous scheme that addresses the treatment of untimely filed claims. *See In re Brogden,* 274 B.R. 287, 289 (Bankr.M.D.Tenn. 2001). Section 502(b)(9) provides that a filed claim is allowed except to the extent that:

> proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure. . . .

11 U.S.C. § 502(b)(9). Rule 3002(c) sets the time within which proofs of claim must be filed in chapter 7 cases. Fed. R. Bankr.P. 3002(c). Rule 3002(c), which specifically requires that a proof of claim be filed not later than 90 days after the first date set for the meeting of creditors under § 341(a), has only five exceptions.[7] By virtue of Rule 9006(b)(3),[8] a bankruptcy court does not have discretion to enlarge the time periods fixed by Rule 3002(c) nor permit an untimely claim when none of Rule 3002(c)'s five exceptions is applicable. *See, e.g., Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428, 1432–33 (9th Cir.1990) (holding that the bankruptcy court lacks any equitable power to enlarge the time for filing a proof of claim when none of the conditions of Rule 3002(c) exists); *In re Edelman,* 237 B.R. 146, 152 (9th Cir. BAP 1999) (stating that the bankruptcy court has no discretion to alter the limitations imposed by Rule 3002(c)).

Rule 3002(c)(5) applies in this case. Although creditors initially were advised not to file proofs of claim, Bendon notified the bankruptcy clerk on March 31, 2004, that a dividend appeared possible. The bankruptcy clerk immediately issued a Notice of Possible Dividend and Order Fixing Time to File Claims pursuant to Rule

---

7. Rule 3002 states, in pertinent part:

(c) TIME FOR FILING. In a chapter 7 liquidation, . . . a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by a governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed. R. Bankr.P. 3002(c).

8. Rule 9006(b)(3) states:

"ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."

Fed. R. Bankr.P. 9006(b)(3).

3002(c)(5) setting a deadline of June 29, 2004, to file proofs of claim in the case. Despite being properly served with the notice, Donaldson did not file Claim # 11 until September 24, 2004.

Under federal law, the doctrine of equitable tolling is "read into every federal statute of limitations." *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.),* 14 F.3d 1380, 1385 (9th Cir.1994). Equitable tolling is applied under federal law in two types of situations: (1) where defendant's wrongful conduct prevented plaintiff from timely asserting his claim, and (2) where extraordinary circumstances outside plaintiff's control make it impossible for plaintiff to timely assert his claim. *Seattle Audubon Soc. v. Robertson,* 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds,* 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Amazing Enters. v. Jobin (In re M & L Bus. Mach., Inc.),* 153 B.R. 308, 311 (D.Colo.1993). Equitable tolling is permitted when it would effectuate: (1) the policies underlying the statute, and (2) the purposes of the limitations period. *Gurney v. Arizona Dept. of Revenue (In re Gurney),* 192 B.R. 529, 538 (9th Cir. BAP 1996).

Equitable tolling had been applied in Ninth Circuit to various provisions of the Bankruptcy Code and Rules. *See, e.g., Olsen v. Zerbetz (In re Olsen),* 36 F.3d 71, 72 (9th Cir.1994) (holding that the two-year limitation period under § 549(d) to void an unauthorized post-petition transfer of estate property was equitably tolled by the debtors' conduct); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.),* 14 F.3d 1380, 1384 (9th Cir.1994) (stating that "equitable tolling may, in proper cases, apply to § 546(a)(1) . . . ."); *Gurney,* 192 B.R. at 539 (affirming the bankruptcy court's application of the doc-

trine of equitable tolling to suspend the three-year priority period under former § 507(a)(7)(E)(i)). However, the Ninth Circuit has declined to apply the doctrine of equitable tolling to extend or suspend the deadlines contained in Rule 3002(c). *See Gardenhire v. U.S. Internal Rev. Serv. (In re Gardenhire),* 209 F.3d 1145, 1152 (9th Cir.2000) (construing § 502(b)(9) together with Rules 3002(c)(1) and 9006(b)(3) and holding that the application of equitable tolling to extend § 502(b)(9)'s 180–day period for governmental units to file proofs of claim was "inconsistent with the plain meaning of the Bankruptcy Code and Rules, applicable Ninth Circuit precedent, and the weight of authority from other jurisdictions").

Even if the plain meaning of the Code and Rules did not preclude application of the doctrine of equitable tolling, the court is not convinced that equitable tolling would be appropriate under the specific facts of this case. To be entitled to equitable tolling, a party must establish that it acted with reasonable diligence in pursuing its claim. *Gardenhire,* 209 F.3d at 1151; *United Ins. Mgmt.,* 14 F.3d at 1385. Here, Donaldson was given notice of the deadline of June 29, 2004, to file a proof of claim. Donaldson has not claimed that the notice was not received. Nor has Donaldson asserted that lack of actual knowledge of the bankruptcy prevented the timely filing of a proof of claim. Moreover, Donaldson's unsecured nonpriority claim, which had been reduced to a judgment in state court prior to bankruptcy, was disclosed by the Debtors in Schedule F and was listed as undisputed. At issue in Adversary No. RS 03–01479 PC was the dischargeability of Donaldson's claim, not the basis for the claim nor the amount of the debt between the parties. Still, Donaldson did not take action to file a timely proof of claim. Lack of due diligence nulli-

fies Donaldson's ability to invoke the doctrine of equitable tolling. *See United Ins. Mgmt.,* 14 F.3d at 1386.

▪ Finally, the Ninth Circuit in *Coastal Alaska* specifically prohibited bankruptcy courts from invoking § 105(a) to enlarge the time limits established by Rule 3002(c). *Coastal Alaska,* 920 F.2d at 1432. A bankruptcy court may not use its equitable powers " 'to defeat clear statutory language, nor to reach results inconsistent with the statutory scheme established by the Code.' " *Missoula Fed. Credit Union v. Reinertson (In re Reinertson),* 241 B.R. 451, 455 (9th Cir. BAP 1999), *quoting Committee of Creditors Holding Unsecured Claims v. Koch Oil Co. (In re Powerine Oil Co.),* 59 F.3d 969, 973 (9th Cir. 1995). *See also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) (stating that "whatever equitable powers remain in bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.),* 392 F.3d 1064, 1070 (9th Cir.2004) (opining that "[a] bankruptcy court must locate its equitable authority in the Bankruptcy Code"); *Ray v. City Bank & Trust Co. (In re C–L Cartage Co.),* 899 F.2d 1490, 1494 (6th Cir.1990) (noting that a bankruptcy court "cannot use equitable powers to disregard unambiguous statutory language").

▪ Equitable considerations may not trump the clear language in the statute and rules requiring the timely filing of claims. "Close adherence to the text of relevant statutory provisions and rules is especially appropriate in a highly statutory area such as bankruptcy." *Gardenhire,* 209 F.3d at 1148. Based on the Ninth Circuit's decisions in *Coastal Alaska* and *Gardenhire,* the court finds that the application of equitable tolling to extend the deadline to file claims under Rule 3007(c)(5) is inconsistent with the plain

language of § 502(b)(9), Rule 3002(c)(5) and Rule 9006(b)(3) and inappropriate under the facts of this case.

### C.  Informal Proof of Claim

A proof of claim is a written statement setting forth the creditor's claim, which conforms substantially to the appropriate Official Form and is executed by the creditor or the creditor's authorized agent. Fed. R. Bankr.P. 3001(a) & (b).  Despite failing to file a proof of claim on the appropriate Official Form prior to expiration of the bar date, Donaldson did participate in the bankruptcy case by filing a nondischargeability complaint in which Donaldson stated in detail the basis and amount of the claim.

▪ The Ninth Circuit has long recognized the doctrine of the "informal proof of claim." *Edelman,* 237 B.R. at 154.  Under this doctrine, a timely informal proof of claim may later be amended by the filing of a formal proof of claim after the bar date. *Id.* To constitute a timely informal proof of claim, the document must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable. *Wright v. Holm (In re Holm),* 931 F.2d 620, 622 (9th Cir. 1991); *Anderson–Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson–Walker Indus., Inc.),* 798 F.2d 1285, 1287 (9th Cir.1986).  There is no requirement that the document purporting to be an informal proof of claim be filed with the court. *Holm,* 931 F.2d at 622; *see County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.),* 597 F.2d 181, 183 (9th Cir.1979), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) (holding that an informal proof of claim need not appear on the bankruptcy court's records or in its files); *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 816

(9th Cir.1985) (stating that a creditor's attempt to transfer a pending state court action to the bankruptcy court "demonstrated her intent to file her proof of claim with the bankruptcy court"). Lack of prejudice is not dispositive of whether an informal proof of claim exists. *Edelman*, 237 B.R. at 155.

Courts have held a variety of documents to constitute informal proofs of claim. *See, e.g., Holm*, 931 F.2d at 623 (creditor's disclosure statement constituted an informal proof of claim); *Pizza of Hawaii, Inc. v. Shakey's, Inc. (Matter of Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1381 (9th Cir.1985) (request for relief from the automatic stay constituted an informal proof of claim); *Franciscan Vineyards*, 597 F.2d at 182–83 (letter sent to trustee constituted an informal proof of claim); *Sambo's Restaurants*, 754 F.2d at 815–16 (wrongful death complaint filed in state court, coupled with creditor's correspondence and joint motion with debtor to transfer the case to bankruptcy court, constituted an amendable informal proof of claim); *In re Boehm*, 252 B.R. 576, 578 (Bankr.M.D.Fla.2000) (nondischargeability complaint constituted an informal proof of claim); *In re Larson*, 245 B.R. 609, 614 n. 1 (Bankr.D.Minn.2000) (objection to a chapter 13 plan constituted informal proof of claim).

In this case, Donaldson's nondischargeability complaint, coupled with Donaldson's subsequent formal proof of claim, evidences Donaldson's intent to hold the estate liable for the balance due under the Agreement. Donaldson's complaint provides, in pertinent part:

3. On/about December 22, 1999, Defendants entered into an agreement with Plaintiffs for the purchase of Plaintiff's business known as Boosters Plus. Pursuant to this agreement, Defendants signed a Promissory Note and agreed to pay Plaintiff's Trust (S.L. Thompson Trust to whom Plaintiff assigned the benefits of the purchase price) the amount of $225,000.00 in installment payments over a period of seven years. In addition, Defendants also purchased Plaintiff's inventory on hand in the amount of $11,960.00. Pursuant to the terms of the Note and purchase agreement, Plaintiff is entitled to interest on the unpaid balance at the rate of 10% per annum, plus late fees, plus reasonable attorney's fees and expenses in any action to collect funds due under the Note....

6. Plaintiffs later learned that Defendants never intended to pay Plaintiffs the $225,000.00 due on the Note nor the $11,960.00 due for the inventory and instead, intended to breach the agreement which they did on September 30, 2002
. . .

WHEREFORE PLAINTIFF'S PRAY
. . .

(a) That said debt is a nondischargeable judgment against the Defendant in favor of Plaintiffs in the amount of $207,000.00 plus 10% interest per annum from September 30, 2002; . . .

Donaldson's nondischargeability complaint meets all of the requirements of an informal proof of claim in that it constitutes the (1) presentment of a writing; (2) within the time for the filing of claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; (5) the nature and amount of a claim asserted against the estate. *Edelman*, 237 B.R. at 155.

Having established the existence, nature and amount of its claim informally through the complaint, Donaldson's formal proof of claim can properly be treated as an amendment. The Ninth Circuit has "consistently applied the 'so-called rule of liberality in amendments' to creditors' proofs of claim" to allow a formal claim to relate back to a previously filed informal claim. *Anderson–Walker Indus., Inc.*, 798 F.2d at 1287, *quoting Franciscan Vineyards*, 597

F.2d at 182. Accordingly, the court finds that Donaldson's nondischargeability complaint constitutes an amendable informal proof of claim.

### III. CONCLUSION

Because Donaldson's nondischargeability complaint satisfies the requirements of an informal proof of claim that may be amended by the filing of a formal proof of claim, Bendon's objection is overruled. The complaint filed in Adversary No. RS 03–01479 PC is hereby deemed accepted as an informal proof of claim, Claim # 11 is allowed as a formal amendment to Donaldson's informal proof of claim, and Claim # 11 is allowed as a timely-filed unsecured nonpriority claim in the amount of $200,000.

A separate judgment will be entered consistent with this opinion.