In re Jack I. EDELMAN, Debtor.

Clifford S. Dicker, Appellant,

v.

Carolyn A. Dye, Chapter
7 Trustee, Appellee.

BAP No. CC–98–1815–WMeB.
Bankruptcy No. LA 92–48346–ES.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted May 19, 1999.

Decided July 29, 1999.

---

David S. White, Jacobson, White, Diamond & Bordy, Los Angeles, CA, for Clifford S. Dicker.

Jon R. Calhoun, Dumas & Associates, Los Angeles, CA, for Carolyn A. Dye, Chapter 7 Trustee.

Before WEISSBRODT,[1] MEYERS, and BRANDT, Bankruptcy Judges.

1. Honorable Arthur S. Weissbrodt, Bankruptcy Judge for the Northern District of California, sitting by designation.

## OPINION

WEISSBRODT, Bankruptcy Judge.

Appeal is taken from two orders made by the Bankruptcy Court: (1) an order sustaining the Chapter 7[2] Trustee's objection to a creditor's claim; and (2) an order denying the creditor's motion for reconsideration of the first order.

We AFFIRM both of the Bankruptcy Court's orders.

## I. FACTS

Except as otherwise noted, the parties agree that no relevant facts are in dispute.

On October 5, 1992, Jack I. Edelman ("Debtor") filed a petition under Chapter 11. Appellant Clifford S. Dicker ("Creditor") was scheduled as one of Debtor's twenty largest unsecured creditors.

On July 29, 1993, Debtor's case was converted to Chapter 7 upon motion by the United States Trustee. No formal proof of claim was filed by or on behalf of Creditor in the Chapter 11 case.[3]

On September 15, 1993, the Bankruptcy Court issued a "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing Dates", setting October 19, 1993 as the date for the meeting of creditors under § 341(a) and fixing January 18, 1994 (ninety days after October 19) as the last day on which creditors may file proofs of claim.

Such notice was mailed on the date it was issued to all scheduled creditors, including both Creditor and his attorney, David S. White ("White"). Creditor does not contend that either notice was not received. No formal proof of claim was filed in the Chapter 7 case by or on behalf of Creditor until January 24, 1994.

On Monday, January 17, 1994 (one day before the claims bar date), at 4:31 a.m. PST, the Northridge earthquake (6.7 magnitude on the Richter scale) struck 20 miles west-northwest of Los Angeles. White attempted to enter his office building in Los Angeles on Tuesday, January 18, but was unable to do so because of earthquake damage and tests being conducted to determine the extent of the damage; he tried again on Friday, January 21, with the same result, and was finally able to enter his office building on Monday, January 24.

On January 24, 1994, White filed in Debtor's Chapter 7 case a proof of claim on behalf of Creditor, asserting an unsecured, nonpriority claim of $127,944. Such proof of claim attaches as an exhibit a copy of a complaint filed by Creditor against Debtor in the Los Angeles County Superior Court on August 22, 1991, in which Creditor sought unpaid attorney fees of $127,944.00 for legal services rendered by Creditor during Debtor's marital dissolution action ("State Court Complaint").

During the Chapter 11 case, White or his associates telephoned the United States Trustee over a dozen times. A declaration of White filed in the Bankruptcy Court states that the reason for the calls was to determine the status of the bankruptcy case as it affected Creditor's State Court action, and that the United States Trustee was thus made aware of the State Court Complaint by such calls.[4]

---

**2.** Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "FRCP" references are to the Federal Rules of Civil Procedure.

**3.** If a claim had been filed in the Chapter 11 case, it would have been deemed filed in the post-conversion Chapter 7 case, pursuant to Rule 1019(3), which pertains to "all claims actually filed by a creditor before conver-

sion". That Rule does not, however, cause claims that are merely scheduled pre-conversion, rather than "actually filed" pre-conversion, to be deemed filed in the Chapter 7 case post-conversion.

**4.** Trustee argues on appeal that there is no evidence of what was said during those calls, but White's declaration does constitute some evidence; the record on appeal does not contain any other evidence on that point.

On June 19, 1998, Appellee Carolyn Dye, the trustee of Debtor's Chapter 7 case ("Trustee"), filed an objection to Creditor's claim, based on the proof of claim having been filed six days late. Creditor opposed, arguing that his State Court Complaint should be treated as a timely informal proof of claim capable of being amended by his untimely formal proof of claim. The matter was heard by the Bankruptcy Court on August 13, 1998; Trustee's objection was sustained and Creditor's claim was disallowed in full.

On August 21, 1998, the Bankruptcy Court's order sustaining Trustee's objection to Creditor's claim was filed; the order was entered on August 24, 1998. The order recites that Trustee's objection was based on the claim having been filed late, but states no basis for the Bankruptcy Court's ruling. The record on appeal does not include a transcript of the August 13 hearing, nor any written findings of fact and conclusions of law.

On August 24, 1998, Creditor filed a "Motion for Reconsideration", citing Rule 3008 and arguing the discovery of new facts not previously presented to the court. A declaration of White in support of the motion stated that, in the four and a half years between the filing of Creditor's claim and Trustee's objection to it, White had forgotten that the reason for the late filing was disruption caused by the earthquake. Trustee opposed and the matter was heard by the Bankruptcy Court on October 13, 1998. Creditor's motion was denied to the extent that it sought to have the order sustaining Trustee's objection vacated in full, but the Bankruptcy Court did allow Creditor's claim under § 726(a)(3) as a tardily filed claim.[5] The order states as grounds for denial that, under the facts of

the case, neither Rule 3002(c) nor case law provided the Bankruptcy Court with discretion to extend a Chapter 7 claims bar date, and none of the exceptions listed in subsections (2), (3), (4), or (5) of Rule 3002(c) was applicable. The order further states that the Bankruptcy Court had determined that no order or directive pertaining to the bankruptcy courts for the Central District of California was effective as of January 17, 1994 that purported to extend the deadline for filings otherwise due on that date by statute or rule.

On October 28, 1998, the Bankruptcy Court's order denying Creditor's motion for reconsideration was filed; the order was entered on November 2, 1998.

On November 10, 1998, Creditor filed his notice of appeal from both of the Bankruptcy Court orders.

## II. ISSUES

A. Whether Creditor's notice of appeal was timely with respect to the Bankruptcy Court's order sustaining Trustee's objection to Creditor's claim.

B. Whether the Bankruptcy Court had discretion to enlarge the time for filing a claim in a Chapter 7 case, in circumstances other than those permitted by Rule 3002(c).

C. Whether Creditor's State Court Complaint constituted a timely informal proof of claim.

## III. STANDARD OF REVIEW

■ The timeliness of an appeal is a jurisdictional issue to be determined by the panel *sua sponte, Rettig v. Peters (In re Peters)*, 191 B.R. 411 (9th Cir. BAP 1996).

---

**5.** Tardily filed claims allowed under § 726(a)(3) are paid only after all administrative expenses and timely filed claims (except claims for certain kinds of penalties) have been paid in full, but prior to payment of interest on unsecured claims and the return of any surplus funds to the bankruptcy debtor. Pleadings filed by Trustee in the Bankruptcy

Court state that the estate is not solvent and will produce a dividend of only 39.50% to other unsecured creditors, so allowance of Creditor's claim in the junior priority category of § 726(a)(3) will not permit any dividend to be paid to Creditor (*i.e.,* the effect of such allowance in this case is the same as if the claim had been fully disallowed).

■ The existence of discretion to enlarge filing periods and the existence of an informal proof of claim are questions of law to be reviewed *de novo, Pizza of Hawaii, Inc. v. Shakey's, Inc. (Matter of Pizza of Hawaii, Inc.),* 761 F.2d 1374 (9th Cir.1985).

■ Denial of a motion for reconsideration is reviewed for abuse of discretion, *Alexander v. Bleau (In re Negrete),* 183 B.R. 195 (9th Cir. BAP 1995).

## IV. DISCUSSION

A. *Timeliness of appeal from order sustaining Trustee's objection*

■ Trustee does not raise the issue of whether Creditor's appeal is timely with respect to the Bankruptcy Court's order sustaining Trustee's objection. Nevertheless, "federal courts are under an independent obligation to examine their own jurisdiction", *see FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990), even when the parties do not contest it, *id.*

■ Pursuant to Rule 8002(a), a notice of appeal must be filed within ten days from entry of the order under appeal. The Bankruptcy Court's order sustaining Trustee's objection to Creditor's claim was entered on August 24, 1998 and Creditor's notice of appeal was not filed until November 10, 1998, far more than ten days after entry.

It is true that, pursuant to Rule 8002(b), the time within which to file a notice of appeal is tolled by the timely filing of certain motions; under such circumstances, the time for filing a notice of appeal is ten days from entry of the order disposing of the tolling motion. The motions that operate to toll the time within which to appeal are set forth in Rule 8002(b) as follows:

(1) [a motion] to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) [a motion] to alter or amend the judgment under Rule 9023;

(3) [a motion] for a new trial under Rule 9023; or

(4) [a motion] for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

However, Creditor did not file a motion under any of those rules. Rather, the motion filed by Creditor expressly seeks "reconsideration" pursuant to Rule 3008, which provides for reconsideration of orders allowing or disallowing claims, and which is not among the tolling motions enumerated by Rule 8002(b).

In a case under the former Bankruptcy Act, *Wood v. Richmond (In re Branding Iron Steak House),* 536 F.2d 299 (9th Cir. 1976) ("*Branding Iron*"), the Ninth Circuit considered whether a motion for reconsideration under Bankruptcy Rule 307 (the predecessor of current Rule 3008) operated to toll the time within which to file a notice of appeal under Bankruptcy Rule 802(b) (the predecessor of current Rule 8002(b)):

We conclude that a motion to reconsider is a motion to "alter or amend the judgment" within the meaning of Rule 802(b)(3) [footnote omitted] and that its filing extends the ordinary time limitation for appeal. [citation and footnote omitted] It would be a waste of judicial resources to require that an appeal be filed when the granting of a pending motion to reconsider might eliminate the need for an appeal.

*Branding Iron,* at 301. There appears to be no binding authority directly on point under the Bankruptcy Code, but there is no apparent reason why the rationale of *Branding Iron* should not continue to apply under the Code and the current version of the Rule. *Branding Iron* was cited with approval by this Panel in *Hansen v. Finn (In re Curry & Sorensen, Inc.),* 57 B.R. 824, 827 (9th Cir. BAP 1986), a case under the Code concerning the tolling ef-

fect of "motions for reconsideration" in general:

> The federal rules do not contemplate motions for reconsideration. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979); *In re Morrison*, [26 B.R. 57, 60 (Bankr. N.D.Ohio 1982) ]. However, there is a policy of liberally construing appellate rules to carry out the desire of Congress to promote fairness in the administration of justice and a just determination of litigation. *Bordallo v. Reyes,* 763 F.2d 1098, 1102 (9th Cir.1985). Therefore, motions for reconsideration have traditionally been treated as motions to alter or amend under Rule 59(e), Fed. R.Civ.P., if the motion draws into question the correctness of the trial court's decision. *See In re Branding Iron Steak House,* [536 F.2d 299 (9th Cir. 1976) ] at 301; *Bestran Corp. v. Eagle Comtronics, Inc.,* 720 F.2d 1019 (9th Cir.1983); *In re 6 & 40 Inv. Group, Inc.,* [752 F.2d 515, 516 (10th Cir.1985) ] at 515–16.

There is authority on point in other jurisdictions, where cases under the Code have held that a motion pursuant to Rule 3008 does operate as a tolling motion under Rule 8002(b), *see, e.g.: Abraham v. Aguilar (Matter of Aguilar),* 861 F.2d 873 (5th Cir.1988); *In re Ambassador Park Hotel, Ltd.,* 61 B.R. 792 (N.D.Tex.1986); *Winkel Group v. Frontier Airlines,* 108 B.R. 274 (D.Colo.1989); *U.S. v. Colvin,* 203 B.R. 930 (N.D.Tex.1996). We conclude that Creditor's motion for reconsideration under Rule 3008 was equivalent to a motion to alter or amend a judgment under Rule 9023 within the meaning of Rule 8002(b)(2).

Creditor's motion was timely: Rule 3008 imposes no limit for the filing of motions under Rule 3008 but Rule 9023 incorporates FRCP 59(e), which provides that motions under FRCP 59(e) must be filed within ten days after entry of judgment, and Creditor's motion was filed on the same day that the Bankruptcy Court's order sustaining Trustee's objection was entered. Accordingly, Creditor's motion for reconsideration did operate to toll the time within which to appeal the Bankruptcy Court's order sustaining Trustee's objection, and that time therefore did not commence to run until entry of the Bankruptcy Court's order disposing of Debtor's motion for reconsideration. Since Creditor's notice of appeal was filed within ten days after entry of the Bankruptcy Court's order denying the reconsideration motion, the appeal is timely with respect to both of the Bankruptcy Court orders.

B. *Discretion to enlarge time for filing claims in Chapter 7 cases*

█ Creditor repeats on appeal the argument made to the Bankruptcy Court, that his claim was filed late because of White's inability to gain access to his office from Monday, January 17 (the date of the earthquake, one day prior to the claims bar date) until Monday, January 24 (the date on which the claim was filed). He urges that discretion is available under § 105 for what he describes as an "Act of God" and points out that some state courts adopted emergency orders permitting late filings when timely filing was prevented by the earthquake.[6]

The time within which proofs of claim must be filed in Chapter 7 cases is governed by Rule 3002(c). That Rule requires filing within ninety days after the date first set for the meeting of creditors called under § 341(a), with five exceptions: (1) governmental units may file within 180 days after the date of the order for relief and such period may be extended for cause; (2) the court may extend the time for filing by infants or incompetent persons, or their representatives, if extension

---

6. Creditor refers to similar emergency measures also having been adopted by federal courts, but cites no specific order. The Bankruptcy Court's order denying Creditor's motion for reconsideration states that the Bankruptcy Court determined that there was no such order pertaining to the Bankruptcy Court.

serves the interest of justice and will not unduly delay the administration of the case; (3) a claim arising from a judgment in favor of the bankruptcy estate for money or property, or denying or avoiding an interest in property, may be filed within 30 days after the judgment becomes final; (4) a claim arising from the rejection of an executory contract or unexpired lease of the bankruptcy debtor may be filed within such time as the court may direct; (5) claims may be filed within ninety days after the clerk's office mails a notice of possible dividend.

Enlargement of time is permitted to some extent by Rule 9006, but enlargement is limited with respect to the time fixed by certain rules, including Rule 3002(c):

> The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Rule 9006(b)(3). As set forth above, Rule 3002(c) provides only five exceptions to the ninety day filing period, none of which applies to this case (Creditor does not contend that any of those exceptions applies here). In *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir.1990) (*"Coastal Alaska"*), the Ninth Circuit considered whether bankruptcy courts have discretion, based on equitable jurisdiction and the powers granted by § 105, to enlarge the time for filing claims in Chapter 7 cases, despite the strictures of Rule 9006(b)(3) and Rule 3002(c):

> This argument is inconsistent with the express limitations imposed by Rule 9006(b)(3) on the bankruptcy court's discretion to extend time.
>
> Several courts have rejected Zidell's argument, holding that "Bankruptcy Rule 3002(c) is peremptory and that a bankruptcy court lacks any equitable power

to enlarge the time for filing a proof of claim unless one of the six situations in Rule 3002(c) exists." [citations and footnote omitted] We agree with these cases and hold that the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists. [footnote omitted]

*Coastal Alaska*, at 1432–33.[7] *And see Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993) (*"Pioneer"*), which points out that, while Rule 9006 generally permits enlargement of time based on a showing of excusable neglect:

> Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the 'excusable neglect' standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c).

Creditor acknowledges that excusable neglect is not a defense against failure to abide by the requirements of Rule 3002(c), but argues that an "Act of God" is a different basis for relief and one that is not foreclosed by *Coastal Alaska*. It is true that the creditor in *Coastal Alaska* merely *failed* to file timely rather than having been *prevented* from filing timely (as Creditor alleges is the situation here), but that case nevertheless does address the precise issue of whether bankruptcy courts have any discretion to alter the limitations imposed by Rule 3002(c), and its ruling that such discretion does not exist is unqualified. The holding is that "the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists", not that enlargement is not permitted under the facts of that case, or that enlargement is

---

7. The sixth exception that was formerly provided by Rule 3002(c) was eliminated by amendment in 1996; it pertained to the filing of claims in estates with surplus funds.

not permitted in the absence of an "Act of God" or similarly-caused impossibility or prevention. The rule of *Coastal Alaska* simply is that no source of discretion exists—neither equitable jurisdiction, nor § 105, nor anything else—and a source is not created even if a good reason is presented for why a source *should* exist. To excuse lateness that is caused by prevention would be to exercise discretion that *Coastal Alaska* has found bankruptcy courts do not possess. Creditor cites *Pioneer*, which recognizes the concept of prevention by "Act of God" but does so in the context of considering what constitutes excusable neglect, whereas excusable neglect (as *Pioneer* points out and as Creditor concedes) does not apply to Rule 3002(c). Creditor offers no authority in support of courts having discretion to alter the requirements of Rule 3002(c) under circumstances of prevention or impossibility, nor does there appear to be any. *Coastal Alaska* does cite less extreme examples of situations in which courts have seen fit to enlarge time under Rule 3002(c) (*e.g.,* erroneous information from court clerk's office, lack of notice of bar date, etc.) but finds that "we do not believe that those cases can be reconciled with Rule 3002(c)", *id.,* at 1433.

Creditor urges that there is "ample need for precedent to address the overactive seismology of Southern California and to clearly *recognize* that it is not a question of *whether* the interruption in the flow of legal business caused by the Northridge Earthquake will occur again in our lifetimes, it is only a question of *when* " (original emphases), attaching to his reply brief an appendix including copies of newspaper articles about the recent discovery of a "massive" "major blind-thrust fault" under metropolitan Los Angeles. Such arguments might support a plea for amendment of Rule 3002(c) and/or Rule 9006(b)(3) as to when enlargement should be permitted, but they are not persuasive

when addressed to an appellate Panel that is bound by *Coastal Alaska.*

The Panel need not reach the issue of whether there is discretion to enlarge the time for filing claims in Chapter 7 cases under *true* circumstances of impossibility due to "Acts of God" or otherwise. The Ninth Circuit did not have such a factual situation before it in *Coastal Alaska* and there appear to be no cases that have dealt squarely with the question. One can certainly conceive of extraordinarily compelling circumstances where, due to death, hospitalization for serious illness such as a coma, war, natural disaster, or the like, it would be truly impossible for a creditor to file its claim on a timely basis. In this case, however, although Creditor's attorney may not have been able to use his office due to the Northridge earthquake, Creditor has not demonstrated that it was impossible for him to file a timely proof of claim.

■ Thus, even if discretion were available, Creditor has not demonstrated that he would be entitled to have it exercised in this case. He does not contend that White was injured or otherwise disabled by the earthquake—indeed, White traveled to his office building on January 18, which was the claims bar date. He does not assert that the Bankruptcy Court was closed or inaccessible on the bar date due to the earthquake; if it had been, the filing period would have been computed under Rule 9006(a) to run to the end of the next business day on which such conditions did not exist. Creditor's stated reason for the claim not being filed until January 24 is that White could not enter his office until that date, but Creditor does not explain how such inability prevented White from going to the Bankruptcy Court on January 18 and filing a piece of paper stating that Debtor owed Creditor some amount of money (*e.g.,* "$1 or more") for services rendered.[8] Creditor has not demonstrated

---

**8.** As discussed below, a proof of claim need not be "formal" and minimal information is required, subject to later amendment as may be necessary. Under the "informal proof of

that the disruption caused by the earthquake did in fact prevent him from filing a claim by January 18, or during the 89 preceding days.

The Bankruptcy Court did not err by failing to enlarge the time for filing claims in Debtor's Chapter 7 case.

C. *Informal Claims*

Creditor argues that his State Court Complaint should be treated as a timely informal proof of claim, capable of amendment by the proof of claim that was filed on January 24, 1994.

 The doctrine of the "informal proof of claim" is well established in the Ninth Circuit, which has "long applied the so-called rule of 'liberality in amendments,' *In re Patterson–MacDonald Shipbldg. Co.*, 293 F. 190, 191 (9th Cir.1923); *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970) (per curiam)", *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards)*, 597 F.2d 181, 182 (9th Cir.1979) (per curiam), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) ("*Franciscan Vineyards*"). Under this doctrine, a timely informal proof of claim may be later amended by the filing of a formal proof of claim after the bar date. In order for a timely informal proof of claim to exist:

> ... "there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim." *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963).

*Franciscan Vineyards*, at 183. In *Franciscan Vineyards* (a case under the former Bankruptcy Act), the creditor sent a letter to the bankruptcy trustee prior to the bar date, enclosing tax bills owed by the bankrupt—the Ninth Circuit found the

letter to constitute an informal proof of claim, and also held that delivery of the letter to the trustee was sufficient and it was unnecessary for the letter to be filed with the court. Informal proofs of claim have continued to be recognized under the Bankruptcy Code, *see: Anderson–Walker Industries, Inc. v. Lafayette Metals, Inc. (In re Anderson–Walker Industries, Inc.)*, 798 F.2d 1285 (9th Cir.1986) (letter to counsel for Chapter 7 trustee prior to claims bar date, stating that creditor was owed a certain amount and expected to be paid by the estate; the letter was held to constitute an informal proof of claim even though it was not filed with the bankruptcy court); *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811 (9th Cir.1985) (complaint filed in state court post-petition, followed by correspondence to attorney for Chapter 11 debtor-in-possession and joint motion to transfer lawsuit to bankruptcy court, all prior to claims bar date; the combination of such documents was held to constitute an informal proof of claim even though none of them was filed with the bankruptcy court); *Pizza of Hawaii, Inc. v. Shakey's, Inc. (Matter of Pizza of Hawaii, Inc.)*, 761 F.2d 1374 (9th Cir.1985) (request for stay relief filed in Chapter 11 case prior to claims bar date, attaching copy of pre-petition complaint; the stay relief request was held to constitute an informal proof of claim).

 Creditor argues that, during the Chapter 11 case, White made the United States Trustee aware of the existence of Creditor's State Court Complaint in several telephone conversations concerning the fact that the State Court action continued to be stayed by Debtor's bankruptcy. However, Creditor does not contend that any document concerning his claim against Debtor was ever delivered to anyone connected with either the Chapter 11 case or the Chapter 7 case, whether it be the

---

claim" doctrine, White did not even have to go to the Bankruptcy Court on January 18 and could instead have delivered a letter to

Trustee's office on that date, stating that Creditor asserted a claim against the estate for some amount based on services rendered.

United States Trustee, Debtor, Debtor's counsel, Trustee, Trustee's counsel, or the Bankruptcy Court. Every case located by this Panel, including those cited by Creditor, requires, at an absolute minimum, that a writing be received by either the bankruptcy court or a representative of the bankruptcy estate no later than the claims bar date. Here, the only communication concerning Creditor's claim consisted of White's telephone calls to the United States Trustee—there appear to be no cases addressing the issue of whether the United States Trustee is an estate representative for purposes of receiving an informal proof of claim but, even if that were so, no writing was delivered to the United States Trustee in this matter.

■ Creditor argues that the lateness of his claim does not prejudice the estate, but a lack of prejudice is not dispositive with respect to whether an informal proof of claim exists. Creditor still must establish each of the elements that have consistently been required by the cases for over seventy-five years: (1) presentment of a writing; (2) within the time for the filing of claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; (5) the nature and amount of a claim asserted against the estate. Creditor did not present a writing and therefore did not assert an informal proof of claim.

The Bankruptcy Court did not err in finding that Creditor's State Court Complaint did not constitute a timely informal proof of claim capable of later amendment.

### V. CONCLUSION

The Bankruptcy Court's order sustaining Trustee's objection to Creditor's claim is AFFIRMED; and the Bankruptcy Court's order denying Creditor's motion for reconsideration of such order is AFFIRMED.