**In re KINSAK, Debtor.**

No. 99–13417.

United States Bankruptcy Court,
N.D. California.

Oct. 22, 2001.

Timothy W. Hoffman, Abbey, Weitzenberg, Hoffman and Emery, Santa Rosa, CA, for debtor.

Stanley J. Greenberg, Law Offices of Stanley J. Greenberg, Santa Rosa, CA, Barry D. Parkinson, Law Offices of Barry D. Parkinson, Petaluma, CA, Kristin Saks-Merrill, Sacramento, CA, Mark A. Serlin, Law Offices of Mark A. Serlin, Sacramento, CA, Craig K. Welch, Welch Olrich Law Corp., Petaluma, CA, Lisa L. Yoshida, Anderson, Zeigler, Disharoon et al., Santa Rosa, CA, for creditor.

### *Memorandum re Late Claim*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this Chapter 11 case, the debtor has objected to the claim of Saks–Cordelia Partners as untimely. This creditor admits that its claim was scheduled as unliquidated and it did not file a timely claim, but argues that documents in the file constitute timely informal proofs of claim which may be amended by a formal proof of claim. The court must disallow the claim because no document in the file meets the requirements for an informal proof of claim and because the debtor has demonstrated that there would be prejudice if a late claim was allowed.

■ An informal proof of claim must be a writing containing an "explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 182 (9th Cir.1979), cert. denied, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). The writing must have been filed by or on behalf of the creditor. *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963); *In re Edelman*, 237 B.R. 146, 154 (9th Cir. BAP 1999). Furthermore, it must not prejudice the opposing party. *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir.1985).

■ Saks–Cordelia identifies two documents file before the claims bar date which discussed its claim: the application of debtor's counsel to be employed and the disclosure statement filed by the debtor along with its plan. However, the court cannot consider either document to be an amendable claim because neither was filed by or on behalf of Saks–Cordelia. A disclosure statement may be deemed an informal proof of claim if filed by that creditor pursuant to the creditor's plan. *In re Holm*, 931 F.2d 620, 622–23 (9th Cir.1991). The court has found no case where a disclosure statement filed by a debtor has met the requirements for a creditor's informal proof of claim. Since counsel's employment application was not filed on or behalf of Saks–Cordelia, it cannot be deemed an informal proof of claim either.

Even if either the disclosure statement or the employment application could be deemed an informal proof of claim, the court could not allow Saks–Cordelia's claim because of actual prejudice to other parties. The evidence satisfied the court that the failure of Saks–Cordelia to file a proof of claim was an important and critical factor considered in resolving other claim objections, including a large claim asserted by the debtor's former counsel. These settlements added a total of $210,779.00 in allowed claims. Since an important factor in reaching these settlements was the amount of other claims, and the failure of Saks–Cordelia to assert a claim was specifically considered, it would be unfair and prejudicial to allow Saks–Cordelia to assert an untimely claim.

Since there is no writing filed by or on behalf of Saks–Cordelia before the claims bar date, there is nothing which meets the requirements of an informal proof of claim. Even if there were such a document, settlements made on the assumption that Sak–Cordelia had no claim would result in prejudice if Saks–Cordelia was allowed a late claim. Accordingly, the debtor's objection to the claim of Saks–Cordelia must be sustained. Counsel for the debtor shall submit an appropriate form of order.