**In re DV8, INC., Debtor.**

**No. 08–19123–BKC–RBR.**

United States Bankruptcy Court,
S.D. Florida,
Ft. Lauderdale Division.

Aug. 24, 2010.

---

Eric N. Assouline, Esq., Assouline & Berlowe, P.A., for Lynn Bernard.

Leslie S. Osborne, Esq., Rappaport Osborne Rappaport, PL, for Movants Gregg Bernard and Marilyn Bernard.

Michael R. Bakst, Esq., Ruden McCloskey, et al., for Successor Trustee, Joel L. Tabas.

## ORDER ON GREGG BERNARD AND MARILYN BERNARD'S MOTION TO DEEM LATE FILED CLAIMS TIMELY FILED [D.E. 152]

RAYMOND B. RAY, Bankruptcy Judge.

THIS CAUSE having come before the Court on Gregg Bernard and Marilyn Bernard's ("Movants") Motion to Deem Late Filed Claims Timely Filed (the "Motion" D.E. 152), the Court having reviewed the Motion, the Objection filed by Creditor Lynn Bernard (D.E. 152), and heard argument from the parties and the Chapter 7 Trustee, the Court sustains the objection and denies the Motion.

### Procedural History

1. On July 1, 2008, the Debtor filed a Chapter 11 petition for relief under the Bankruptcy Code. In the Debtor's schedules, the Debtor scheduled Gregg Bernard and Marilyn Bernard as having Schedule F unsecured non-priority claims against the Debtor. Both Gregg Bernard and Marilyn Bernard are included in the Debtor's creditors' matrix.

2. On March 18, 2009, the case was converted from Chapter 11 to Chapter 7 (D.E. 105). On March 20, 2009, Marika Tolz was appointed as the Chapter 7 Trustee (D.E. 108). Also on March 20, 2009, the Clerk of the Bankruptcy Court issued a Form B9D Notice to Creditors, setting forth April 20, 2009 as the date for the 11 U.S.C. § 341 Meeting of Creditors and setting forth July 20, 2009 as the "Deadline to File a Proof of Claim" (the "Bar Date") for all creditors, except governmental units (D.E. 109).

3. On May 18, 2010, Movants filed their Motion, seeking to have this Court allow them to have their proofs of claim deemed timely filed (D.E. 152). In support of their Motion, Movants state: the Debtor's schedules listed Movants as having undis-

puted claims; as creditors they were informed that, since their claims were listed as undisputed, the filing of proofs of claims was unnecessary; Movants were under the impression that they need not file proofs of claim, notwithstanding the conversion of the case to Chapter 7; Gregg Bernard testified at the Debtor's post-conversion 11 U.S.C. § 341 meeting of creditors, on the Debtor's behalf; Movants have been assisting the Chapter 7 Trustee in prosecuting certain adversary proceedings, and the Chapter 7 Trustee was aware of Movant's claims; and that no creditors would be prejudiced by the granting of the Motion. Movants further state that Chapter 7 Trustee Marika Tolz did not object to the relief sought by the Movants.

4. On May 20, 2010, Creditor Lynn Bernard filed an objection to the Motion setting forth that Bankruptcy Rule 3002(c) governs the time limits for filing proofs of claim in a Chapter 7 case and that unless one of the enumerated exceptions apply, the Court does not have discretion to extend the bar date (D.E. 153).

5. On or about May 19, 2010, Trustee Marika Tolz resigned from all her cases as Chapter 7 Trustee, including in this case.

6. On June 4, 2010, this Court conducted a hearing on the Motion and was advised of the Trustee Marika Tolz's resignation and the fact that no new Chapter 7 Trustee was yet assigned to the case. As a result of the fact that no Trustee was assigned to the case at the time, the Court continued the hearing to August 3, 2010.

7. On June 10, 2010, Joel L. Tabas was appointed as the successor Chapter 7 Trustee (D.E. 159).

8. At the August 3, 2010 continued hearing, the parties restated their positions. In particular, Movants stated that they have shown excusable neglect and should be permitted to have their proofs of

claims deemed timely filed and Creditor Lynn Bernard again stated that the Motion should be denied because Movants did not satisfy Rule 3002(c) and that excusable neglect did not apply in a Chapter 7 case. In addition, counsel for the successor Chapter 7 Trustee advised the Court that, although Marika Tolz, as the initial Chapter 7 Trustee may have agreed to the relief sought, the successor trustee, now also objected to the relief sought in the Motion and that Movants had not made a showing of excusable neglect.

### Discussion

■ This court has jurisdiction of this contested matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

Federal Rule of Bankruptcy Procedure 3002(c) states that a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the 341 meeting. Rule 3002(c) then lists six exceptions for specific situations where a Court may extend the Bar Date in a Chapter 7 case.

Based upon the content of the Motion and the arguments made at the hearing, Movants argue that they should be permitted to have their late filed proof of claim deemed timely filed due to their excusable neglect. As stated previously, Movants state they were "under the impression" that they did not need to file proofs of claim in the Chapter 7 case after it was converted from Chapter 11.

However, the United States Supreme Court has stated that excusable neglect is not recognized as a basis to extend the Bar Date in Chapter 7 case. *See, e.g. Pioneer Services Co. v. Brunswick Associates Ltd. Ptshp.*, 507 U.S. 380, 113 S.Ct. 1489, 123

L.Ed.2d 74 (1993).[1] *Pioneer Services* has been followed by Federal Court, including the United States District Court for the Southern District of Florida, when faced with an appeal regarding the applicability of excusable neglect in a Chapter 7 case. *See In re Ford Business Forms, Inc.,* 180 B.R. 294, 298–99 (S.D.Fla.1994) (affirming bankruptcy court's denial of creditor's motion to allow proof of claim filed after the bar date deadline).

Relying heavily on the Eleventh Circuit Court of Appeals analysis *In re Alton,* 837 F.2d 457, 461 (11th Cir.1988), the District Court in *Ford Business Forms* held that, for a Chapter 7 case, a creditor's due process are protected if the creditor has notice or actual knowledge of the bankruptcy case generally and notice or knowledge of the particular bar date for filing claims is not necessary. Moreover, the District Court in *Ford Business Forms* reiterated the principal set forth in *Pioneer Services,* that excusable neglect is inapplicable in a Chapter 7 case.

In an effort to distinguish the cases that were cited in Creditor Lynn Bernard's objection, Movants argued at the hearing that the result of not allowing a late filed proof of claim, due to the conscripts of Rule 3002(c), should not apply in a converted Chapter 7 case. However, no "conversion case" exception exists in the Bankruptcy Code or the Bankruptcy Rules.

Moreover, when faced with this same procedural history court nationwide have similarly found that Rule 3002(c) applied in a Chapter 7 case and the excusable neglect analysis did not. *In re Edelman,* 237 B.R. 146 (9th Cir. BAP 1999). In *Edelman,* the Bankruptcy Appellate Panel for the Ninth Circuit affirmed the bankruptcy court's decision to sustain the objection of a pre-conversion scheduled proof of claim, because the creditor did not fall within any of the enumerated exceptions set forth in Rule 3002(c). Rather, the creditor argued it should be allowed to file the proof of claim, just one day late (a day when an earthquake affected the relevant area) based upon excusable neglect. *See also In re marchFirst, Inc.,* 345 B.R. 866 (Bankr. N.D.Ill.2006) (rejecting a converted Chapter 7 case creditor's efforts to have their proof of claim allowed late due to excusable neglect).

■ Movants argument that other creditors will not be prejudiced by the relief being sought is inaccurate and irrelevant to the Court's analysis. As stated in the Motion, the Trustee has filed a number of avoidance actions against third parties, and these actions may result in a recovery for the estate and these proceeds will inure to all creditors when distributed. Consequently, allowing Movants' late-filed claims would dilute the other creditors claims, including Creditor Lynn Bernard. Moreover, since the excusable neglect analysis is inapplicable, this prejudice analysis is irrelevant.[2]

For the foregoing reasons, this Court sustains the objection of Creditor Lynn Bernard and the Chapter 7 Trustee and Gregg Bernard and Marilyn Bernard's

---

**1.** In *Pioneer Services,* the United States Supreme Court held that the "excusable neglect standard of Rule 9006(b)(1) governs late filings in Chapter 11 cases but not in Chapter 7 cases." Thus, bankruptcy courts do not have equitable discretion to extend the deadline for the filing of untimely claims in Chapter 7 cases when none of the exceptions expressly provided in Rule 3002(c) exist.

**2.** Notably, the replacement Trustee accurately stated at the hearing that even if an excusable neglect standard applied in this case, which the authorities set forth herein show they do not, the Movants have not established any neglect that is "excusable".

Motion to Deem Late Filed Claims Timely Filed is hereby DENIED.