

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> HERO NUTRITIONALS, LLC, <br>             Debtor. | BAP No. CC-25-1024-CFS <br><br> Bk. No. 8:22-bk-11383-SC |
| JENNIFER HODGES, <br>             Appellant, <br> v. <br> THOMAS H. CASEY, Chapter 7 Trustee, <br>             Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: CORBIT, FARIS, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Creditor Jennifer Hodges ("Hodges") appeals the bankruptcy court's

order sustaining the chapter 7[1] trustee's objection to Hodges' proof of claim

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure of Civil Procedure, and all "Civil Rule" references are to the

as untimely filed. The bankruptcy court rejected Hodges's excusable neglect argument and her argument that her filings with the court prior to the deadline were an informal proof of claim. Because we discern no error, we AFFIRM.

## FACTS[2]

Hero Nutritionals, LLC ("Debtor") previously manufactured and sold gummy vitamins for children. Appellant Hodges owns Debtor and is the only officer and shareholder of Debtor.

On August 17, 2022, Debtor commenced the underlying bankruptcy case by filing a voluntary chapter 11 petition. Hodges signed the schedules on behalf of Debtor under penalty of perjury; she did not list herself as a creditor holding a claim in any amount.

Early in the case, Debtor filed a motion to set the date by which each creditor must file its proof of claim. In response, on September 6, 2022, the bankruptcy court entered an order setting November 14, 2022 as the bar date for filling proofs of claim in the chapter 11 case. Because Hodges controlled Debtor, Hodges was aware of Debtor's motion to set the claims bar date and received notice of the chapter 11 claims bar date. No proof of claim was filed by or on behalf of Hodges in the chapter 11 case.

---

Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

On October 27, 2022, the bankruptcy court entered an order granting Debtor's motion to sell substantially all of its assets for $5.5 million. The sale closed on November 15, 2022.

On March 6, 2023, after briefing and a hearing, the bankruptcy court issued an order converting the case to a chapter 7.[3] On March 8, 2023, after the case was converted, Thomas H. Casey was appointed chapter 7 trustee ("Trustee"). On March 16, 2023, Trustee filed a notice of assets causing the court to issue a notice of possible dividends and setting June 20, 2023 as the last date for creditors to file their proofs of claim ("Claims Bar Date"). Hodges received notice of the Claims Bar Date.

On May 9, 2023, Trustee filed a motion to set the bar date for administrative claims. The motion was captioned, "motion for order fixing last date for filing proofs of claim or interest for chapter 11 administrative creditors and approving form of notice of bar date." The bankruptcy court granted the motion on June 5, 2023 and set August 15, 2023 as the last date for chapter 11 administrative creditors to file their proof of claim or interest ("Administrative Claims Bar Date"). Hodges received notice of the Administrative Claims Bar Date.

On August 15, 2023, the last day for administrative claims to be filed, Hodges filed a proof of claim in her individual capacity for an "undetirmed

_____

[3] If Hodges had filed a claim in the chapter 11 case, it would have been deemed filed in the post-conversion chapter 7 case pursuant to Rule 1019(3), which pertains to "all claims actually filed by a creditor before conversion."

[sic]; to be amended" amount and described the basis of the claim as a "General unsecured claim to be amended" ("Claim No. 41").[4]

On February 22, 2024, Trustee objected to Claim No. 41. Trustee argued that because Claim No. 41 failed to identify the amount or the basis of the claim, the filed claim was not entitled to prima facie validity under Rule 3001(f). Additionally, Trustee noted that it was doubtful that Hodges could assert such a claim given that Hodges was not listed as a creditor, nor was there any indication that Hodges was owed money by Debtor in either Debtor's bankruptcy case or in Hodges's individual chapter 7 case which was filed in July 2021.

If Claim No. 41 was allowed, Trustee argued that it should be subordinated to timely filed claims pursuant to § 726(a). Trustee stated that the Claims Bar Date, by which prepetition claims were due, was June 20, 2023, not August 15, 2023, which was the Administrative Claims Bar Date. Therefore, Trustee reasoned that, to be timely, Claim No. 41 had to be filed on or before the Claims Bar Date of June 20, 2023. However, it was not filed until August 15, 2023, nearly two months late.

On March 21, 2024, about eight months later, but before the bankruptcy court ruled on Trustee's objection, Hodges filed an amended Claim No. 41 ("Amended Claim No. 41"). In the amended claim, Hodges identified the amount of the claim, although the basis of the claim

---

[4] Hodges also filed three other claims: Claim No. 37, Claim No. 39, and Claim No. 40. Hodges does not appeal the disallowance of those claims.

4

remained unclear. Hodges's Amended Claim No. 41 indicated it was a general unsecured claim in the amount of $822,741. Hodges attached an addendum which stated that secured creditor McCormick 107, LLC ("McCormick") received a payment of $822,741 from the sale of certain real property ("Property") in Hodges's individual chapter 7 bankruptcy. The addendum, while explaining why creditor McCormick's claim might be reduced, did little to clarify the basis of Hodges's claim.

On May 8, 2024, the bankruptcy court entered an order disallowing Claim No. 41 "in its entirety." That order, however, "applie[d] only to the originally filed claim," not to the amended claim but explained that Trustee could "bring a separate [objection] motion with respect to Amended Claim No. 41."

On September 9, 2024, Trustee filed an objection to Amended Claim No. 41. The objection was substantially similar to the objection Trustee filed to Claim No. 41. Trustee again argued that it was without dispute that Hodges filed her claim after the Claims Bar Date. Therefore, Trustee argued, Amended Claim No. 41 was untimely and should be subordinated to timely filed claims pursuant to § 726(a).

In response, Hodges argued that that the bankruptcy court should allow Amended Claim No. 41 as timely based on two alternative theories. First, the late filing was due to "excusable neglect" because her attorney had the reasonable but mistaken belief that the general claims bar date was August 15, 2023, not June 20, 2023, based on the bankruptcy court's docket

sheet. Second, several documents (each filed prior to the Claims Bar Date) when considered together constituted a timely filed informal proof of claim to which the late-filed Amended Claim No. 41 could relate back.[5]

The documents that Hodges argued constituted the informal claim were: (1) Exhibit A to a supplemental brief filed by Debtor (not Hodges) on January 31, 2023 opposing McCormick's motion to determine the amount of its secured claim[6] which contained the statement, "McCormick received $822,741 from the sale of the ranch property in Jennifer Hodge's [sic] individual bankruptcy case in August 2022"; (2) a declaration of Taylor Sherman (Debtor's previous financial advisor) from the same exhibit in which Sherman averred that "McCormick received $822,741 from the sale of the ranch property in Jennifer Hodges' individual bankruptcy case in August 2022"; and (3) a declaration of Hodges also opposing the amount of McCormick's claim in which she stated, "I am listed as a potential creditor in Debtor's reorganization plan" and "the amount of McCormick's allowed claim affects my potential personal distribution in Debtor's bankruptcy case." Hodges argued that the statements in the proffered documents constituted an informal claim, and Amended Claim No. 41 (the formal claim) should be deemed timely because it amended the timely filed

---

[5] Although Hodges had raised the excusable neglect argument several times, the allegation that there existed an informal proof of claim was raised for the first time in a final joint supplemental response filed on December 31, 2024.

[6] Generally, the opposition argued that McCormick's claim should be allowed in a lesser amount because McCormick improperly applied payments.

informal claim.

At a hearing on the issue, Trustee argued that the documents were insufficient to qualify as an informal claim because they did not "state an explicit demand showing the nature and amount of the claim against the estate and evidence of intent to hold the debtor liable." Specifically, Trustee argued, none of the documents indicated an intent to hold Debtor's bankruptcy estate liable for over $800,000 simply because "Hodges paid down a portion of the McCormick claim."

The bankruptcy court agreed and issued an order finding that Amended Claim No. 41 was late filed and therefore subordinated to all timely filed claims ("Claim Subordination Order"). The bankruptcy court noted that it previously rejected Hodges's excusable neglect argument, and that ruling was now law of the case. The bankruptcy court also rejected Hodges's argument that she filed an informal claim to which Amended Claim No. 41 could relate back. According to the bankruptcy court, consideration of the identified passages in the documents as an informal claim would have required the court "to have specific insights into the inner-thoughts, inclinations, and undisclosed financial dealings of the Claimant." The bankruptcy court explained that "[g]uesswork, speculation, or deep analysis of someone's intentions not spelled out, are not enough" to qualify as an informal claim. The bankruptcy court reasoned that had any of the documents stated that Hodges "has a claim against the estate in the amount of $822,741 and will seek such amounts from the estate," or had

7

Hodges sued "Trustee or anyone else for this amount within the designated time period," then the bankruptcy court likely would have found the existence of an informal claim.

Because the identified passages were insufficient to put the reader on notice of Hodges's intent to hold the estate liable for $822,741, the bankruptcy court determined that Hodges had "not established the existence of a timely asserted informal proof of claim upon which she may rely." The bankruptcy court sustained Trustee's objection and deemed Amended Claim No. 41 "subordinated to all timely filed claims."

Hodges timely appealed the Claim Subordination Order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(B).

At oral argument, we asked counsel whether Hodges had standing to assert Amended Claim 41 and to maintain this appeal. We raised this question because Hodges filed a personal chapter 7 case and the claim might be property of her bankruptcy estate subject to the exclusive control of the trustee in that case. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986). We have reviewed the docket in her chapter 7 case and we see no indication that the chapter 7 trustee affirmatively abandoned the claim to Hodges under §§ 554(a) or (b). It also appears that Hodges did not include the claim in her schedules, which means that the claim could not have been automatically abandoned to her

8

when her case was closed under § 554(c). *See Stevens v. Whitmore (In re Stevens)*, 617 B.R. 328, 333 (9th Cir. BAP 2020) (holding that "technical abandonment requires inclusion of an asset in the Schedules"), *aff'd*, 15 F.4th 1214 (9th Cir. 2021). But counsel represented, and the documents filed in Hodges's chapter 7 case confirm, that all creditors were paid in full. Therefore, it is highly likely that Hodges could obtain retroactive authorization to pursue the claim, thus curing the standing defect. Civil Rule 17(a) (made applicable in adversary proceedings by Rule 7017(a)) provides that, if a claimant without standing can obtain ratification from the real party in interest, "such ratification . . . shall have the same effect as if the action had been commenced in the name of the real party in interest." *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (holding that a trustee's abandonment of claims to a debtor one-and-a-half years after the debtor lodged a complaint without standing "could constitute the estate's ratification of [the debtor's] lawsuit").

We therefore conclude that we have jurisdiction under 28 U.S.C. § 158.

### ISSUES

Whether the bankruptcy court erred in determining that Hodges's claim was filed after the Claims Bar Date.

Whether the bankruptcy court erred in determining that Hodges did not file an informal proof of claim.

**STANDARDS OF REVIEW**

In the context of claim objections, we review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *See Pierce v. Carson (In re Rader)*, 488 B.R. 406, 409 (9th Cir. BAP 2013) ("An order overruling a claim objection can raise legal issues (such as the proper construction of statutes and rules) which we review de novo, as well as factual issues (such as whether the facts establish compliance with particular statutes or rules), which we review for clear error.") (citation omitted). Whether a valid informal proof of claim exists in a bankruptcy case is also a question of law reviewed de novo. *Pac. Res. Credit Union v. Fish (In re Fish)*, 456 B.R. 413, 417 (9th Cir. BAP 2011) (citing *Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.)*, 761 F.2d 1374, 1377 (9th Cir. 1985)).

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014). Factual findings are clearly erroneous if they are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

"We may affirm on any ground supported by the record, regardless of whether the [bankruptcy] court relied upon, rejected, or even considered that ground." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citation and quotation marks omitted).

## DISCUSSION

**A.        Legal principles governing bankruptcy claims**

The Bankruptcy Code and Rules govern the requirements for the filing and allowance of proofs of claim. To collect on a debt, a creditor must hold a "claim," or a right to payment. § 101(5). Every claim must go through the allowance process set forth in § 502 before the claim holder is entitled to participate in the distribution of estate assets. "A proof of claim is a written statement setting forth a creditor's claim" and it "must substantially conform to [Official] Form 410." Rule 3001(a). Rule 3002(c) sets the time within which proofs of claim must be filed in chapter 7 cases. A proof of claim executed and filed in accordance with § 501(a) and Rule 3001 constitutes prima facie evidence of the validity and amount of the claim, and the claim is deemed allowed unless a party in interest objects. *See* §§ 501(a), 502(a); Rule 3001(f); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (stating that, if the allegations in a proof of claim "set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim"). A proof of claim lacking documentation does not qualify for the evidentiary benefit of Rule 3001(f), but that by itself is not a basis to disallow the claim. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

If an objection is made, the court must determine the amount and validity of the claim. § 502(b). "If the objector produces sufficient evidence

to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Margulies Law Firm v. Placide (In re Placide)*, 459 B.R. 64, 72 (9th Cir. BAP 2011). Because late-filed general unsecured claims have a lower priority than timely-filed general unsecured claims, in the typical chapter 7 case, that means that late-filed claims receive no payment. *See, e.g.*, *IRS v. Osborne (In re Osborne)*, 76 F.3d 306, 310 (9th Cir. 1996).

Here, Hodges admits that her formal claim was untimely.[7] Regardless, Hodges attempts to convince this Panel that the bankruptcy court erred in refusing to excuse the untimeliness. The issue is important, because as Hodges explains in her Opening Brief, if Amended Claim No. 41 is "allowed as a timely general unsecured claim, it will be paid a small percentage of the claim amount, but if subordinated to other timely general

---

[7] For the first time, during oral argument before the Panel, Hodges's attorney argued that Amended Claim No. 41 was a timely filed administrative claim. Hodges did not raise this issue before the bankruptcy court, nor did Hodges specifically raise and argue the issue in her appellate briefs. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal[.]" *El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000). While the Panel may, in its discretion, excuse waiver in exceptional circumstances, "[a] party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance warranting our exercise of . . . discretion." *Sanger v. Ahn (In re Ahn)*, 804 F. App'x 541, 543 (9th Cir. 2020) (quoting *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018)). Hodges has provided no explanation for why she failed to raise the argument below, and the Panel declines to consider it in the first instance.

unsecured claims, it will be paid $0."

**B.      The "excusable neglect" standard of Rule 9006(b)(1) is inapplicable to extensions of time to file proofs of claim in chapter 7 cases**.

Hodges argues that the bankruptcy court erred in not allowing Amended Claim No. 41 as timely due to "excusable neglect." Hodges cites *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993), and *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). Importantly, neither *Pioneer* nor *Pincay* involved a chapter 7 bankruptcy case, a significant difference because "[t]he 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases." *Pioneer Inv. Servs. Co.*, 507 U.S. at 389; *see id.* at 389 n.4 (citing *Zidell, Inc. v. Forsch* (*In re Coastal Alaska Lines, Inc.*), 920 F.2d 1428, 1432 (9th Cir. 1990)). Thus, in chapter 11 cases, the "excusable neglect" standard empowers courts to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. In chapter 7 cases, on the other hand, the court does not have such discretion and may only enlarge claim filing deadlines to the extent allowed by Rule 3002(c). *See* Rule 9006(b)(3); *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 151-53 (9th Cir. BAP 1999).

Rule 3002(c) provides only five exceptions to the prescribed filing period, none of which applies to this case. Rule 3002(c) has no "excusable neglect" provision. *Pioneer Inv. Servs., Co.*, 507 U.S. at 389; *In re Coastal*

*Alaska Lines, Inc.*, 920 F.2d at 1432 ("Rule 3002(c) identifies . . .

circumstances where a late filing is allowed, and excusable neglect is not

among them. Thus, . . . [in a chapter 7 case, the] deadline for filing claims

under Rule 3002(c) cannot be extended for excusable neglect.").

Accordingly, the bankruptcy court did not err in determining that

Hodges could not rely on excusable neglect to remedy her late filing of

Amended Claim No. 41.[8]

## C.      The bankruptcy court did not err in determining that the documents upon which Hodges relies do not constitute an informal proof of claim.

Despite the provisions of the Code and Rules requiring that a formal

proof of claim be timely filed for a creditor to share in distributions from a

---

[8] We note that the bankruptcy court relied on law-of-the-case doctrine when determining that excusable neglect was not applicable. The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *See Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998). Here, the bankruptcy court stated in its previous ruling on Hodges's proofs of claim that, based on the facts in evidence, there was no excusable neglect because Hodges's attorney had notice of the bar date and his excuse that the incorrect date on the bankruptcy court's docket sheet caused his untimely filing was not credible or excusable.

We also determined that Hodges may not rely on excusable neglect to remedy her late claim filing. However, our rationale is different. Regardless, we need not agree with the bankruptcy court's reasoning to affirm. We may affirm on any ground finding support in the record, even if it differs from the bankruptcy court's stated rationale. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Additionally, even if available, we agree with the bankruptcy court that Hodges could not establish excusable neglect. Hodges had ten months to timely file a claim; her attorney's alleged misreading of the docket is not excusable neglect. Attorneys should not rely on the docket sheet to provide necessary deadlines. *United States v. Strickland*, 601 F.3d 963, 976 (9th Cir. 2010).

chapter 7 bankruptcy case, the Ninth Circuit has long recognized the informal proof of claim doctrine. *In re Edelman*, 237 B.R. at 154. The doctrine is based on a "so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." *In re Holm*, 931 F.2d at 622 (internal quotation marks and citation omitted). Thus, the doctrine permits a court to treat something other than an actual proof of claim as an informal proof of claim that is timely filed, and thereafter, the creditor is allowed to file a formal proof of claim that relates back to the date of the original filing. *See id.*; *In re Edelman*, 237 B.R. at 154-55. In other words, the formal amended proof of claim is given retroactive effect to the date of the timely filed informal proof of claim. *In re Holm*, 931 F.2d at 622.

According to the Ninth Circuit, to "qualify as an informal proof of claim: (1) the document 'must state an explicit demand showing the nature and amount of the claim against the estate,' and (2) the document must 'evidence an intent to hold the debtor liable.'" *Spokane Law Enf't Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1196 (9th Cir. 2016) (quoting *Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.)*, 754 F.2d 811, 815 (9th Cir. 1985)). In *Fish*, the Panel explained that "[v]arious documents have been held to be informal proofs of claim. 456 B.R. at 417. Such documents include: a debtor's disclosure statement, *In re Holm*, 931 F.2d at 622–23; a complaint for relief from the automatic stay with attachments, *In re Pizza of Haw., Inc.*, 761 F.2d at 1381-82; a district court complaint combined with the

15

creditor's notification to debtor's counsel that the case would be removed to the bankruptcy court, *In re Sambo's Rests., Inc.*, 754 F.2d at 815–16; and a county's letter to the bankruptcy trustee with two tax bills even though the letter had not been filed with the bankruptcy court, *Grover v. Cnty. of Napa (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181, 182-83 (9th Cir. 1979). In each case, the focus was on the content of the document and whether the document could reasonably be construed to reflect the existence of a claim against the estate and an intention to hold the estate liable.

Here, Hodges argues that the bankruptcy court erred in determining that the statements in the three proffered documents did not establish an informal claim to which Amended Claim No. 41 should relate back. We disagree with her contentions.

The three subject documents discuss various loans provided by McCormick to Debtor, various payments on the loans including the $822,741 McCormick received from the sale of the Property in Hodges's individual bankruptcy case in August 2022, and argument regarding McCormick's alleged misapplication of various payments toward specific loans. Unlike the documents found to be an informal claim in *Fish*, the documents identified by Hodges do not contain an explicit demand showing the nature and amount of Hodges's claim or provide clear evidence of Hodges's intent to hold Debtor liable. Thus, the bankruptcy court did not err in its finding that the various statements identified by Hodges in earlier filed documents did "not in any way bring to the

16

attention of the Court (or Trustee) the nature and amount of a claim purportedly asserted against the estate."

Indeed, from a review of the record, it is evident that Debtor and Hodges intended the subject documents to be evidence that the bankruptcy court should reduce the amount of McCormick's allowed proof of claim. The statements merely assert that McCormick received $822,741 from the sale of the Property in 2022 and therefore, presumably, this amount should be deducted from McCormick's claim in Debtor's case. Beyond bare assertions, Hodges fails to direct the Panel to evidence that the statements were also intended to alert the reader to the fact that Hodges believed that she could, or should, recoup the $822,741 from Debtor and that Hodges intended to hold Debtor's estate liable for that amount.

Additionally, two of the proffered documents were presented by Debtor, not Hodges, and therefore were not presented "by or on behalf of the creditor [Hodges]" as required by the informal claim doctrine. *In re Fish*, 456 B.R. at 417 (identifying elements of an informal proof of claim). The only subject document presented by Hodges stated that "the amount of McCormick's allowed claim affects my potential personal distribution in Debtor's bankruptcy case." This equivocal statement is insufficient to be an "explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *Id.* at 417 (citation omitted).

Finally, Hodges offers no evidence that she took any "affirmative

17

action" before the Claims Bar Date to indicate her intent to hold Debtor's estate liable for the debt. *Bowden v. Structured Invs. Co. (In re Bowden)*, 315 B.R. 903, 907 (Bankr. W.D. Wash. 2004) ("[T]he requirements for an informal proof of claim implicitly assume that the creditor has taken some action to assert its claim."). Because the subject documents failed to state an explicit demand showing the nature and amount of Hodges's claim against the estate and evidence an intent to hold Debtor liable, they did not meet the requirements to constitute an informal proof of claim.

Accordingly, the bankruptcy court did not err in determining that the proffered documents could not reasonably be construed as an informal proof of claim.

## CONCLUSION

Based on the foregoing, we AFFIRM.